IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BETSY A. NAJJAR,

        Plaintiff,

v.                                                          CIV 98-1413 JC/KBM

KENNETH S. APFEL, Commissioner,
Social Security Administration,

        Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

        This matter comes before the Court on Plaintiff's (Najjar's) Motion to Reverse and Remand for a Rehearing, which she filed July 12, 1999. The Commissioner of Social Security denied her application for supplemental security income (SSI) benefits in a final decision. Having considered the arguments, pleadings, administrative record and relevant law, I find that the motion is not well taken and recommend that it be denied.

### A. Facts/Procedural Background

        Najjar, now 54, filed for SSI benefits November 22, 1995. She alleged disability since May 1994 due to gastritis, diarrhea, and a lobectomy to remove cancer from her left lung. The administrative law judge (ALJ) denied Najjar's claim having found that she could return to her past relevant work. [MIS 1] Specifically, the ALJ found that Najjar previously had a severe impairment or combination of impairments, but that her stomach ailments had resolved sufficiently so as not to be severe. The ALJ also found that Najjar exaggerated her limitations. [AR 14] The Appeals Council denied Najjar's request for review, making the ALJ's decision the final decision

of the Commissioner for purposes of review. [AR 4-5] Najjar now seeks this Court's review pursuant to 42 U.S.C. § 405(g).

### B. Standard of Review and Applicable Law

The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether he applied correct legal standards. *Hamilton v. Secretary of Health and Human Services*, 961 F.2d 1495, 1497-98 (10th Cir. 1992). Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994).

To qualify for disability insurance benefits, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months, which prevents the claimant from engaging in substantial gainful activity. *Thompson v. Sullivan*, 987 F.2d 1482, 1486 (10th Cir. 1993) citing 42 U.S.C. § 423(d)(1)(A). The regulations of the Social Security Administration require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications. 20 C.F.R. § 404.1520 (a-f). The sequential evaluation process ends if at any step the Commissioner finds that the claimant is or is not disabled. *Thompson*, 987 F.2d at 1486.

At the first four levels of the sequential evaluation process, the claimant must show that he is not engaged in substantial gainful employment, he has an impairment or combination of impairments severe enough to limit his ability to do basic work activities, and his impairment meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1, or he is unable to perform work he had done in the past. 20 C.F.R. §§ 404.1420 and 416.920. At the fifth step of the evaluation, the burden of proof shifts

to the Commissioner to show that the claimant is able to perform other substantial gainful activity considering his residual functional capacity, age, education, and prior work experience. *Id*. This case involves the evaluation at steps two and four.

**C. Issues**

Najjar claims that the ALJ erred on three points: (1) in finding that the gastritis and diarrhea were not severe; (2) in finding at step four that she had a residual functional capacity for the full range of sedentary work; and (3) in failing to consider her non-exertional impairments of fatigue and the need to lie down. [MIS 2]

**D. Discussion**

*1. The ALJ correctly found that Najjar's gastritis and diarrhea were not severe.*

At step two, the ALJ must determine whether the claimant has a medically severe impairment or combination of impairments based on medical factors alone. *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988), citing *Bowen v. Yuckert*, 482 U.S. 137 (1987). "Pursuant to the severity regulations, the claimant must make a threshold showing that his medically determinable impairment or combination of impairments significantly limits his ability to do basic work activities. . . ." *Id.*, citing 20 C.F.R. §§ 404.1421(b) and 416.921(b) (1988). Although the Court must thoroughly examine the record to determine whether substantial evidence supports the decision, the Court may not reweigh the evidence or substitute its judgment for the Commissioner's. *Sisco v. United States Dept. of Health & Hum. Serv.*, 10 F.3d 739, 741 (10th Cir. 1993).

Here, substantial evidence supports the ALJ's determination that Najjar's gastritis and diarrhea were not severe. The relevant time period lies between November 1995 (when Najjar filed her claim) until March 1997 (when the ALJ issued his decision). Najjar reported that by

3

watching her diet, she had controlled and stabilized her diarrhea problems as early as June 1995, and confirmed in August 1995 and April 1996 that the diarrhea was still under control. [AR 160, 162-63 & 176] In fact, in August 1995, Najjar appears to have reported that the diarrhea had resolved. [AR 160] Likewise, at the January 1997 administrative hearing, Najjar testified that the diarrhea remained under control. [AR 32]

These facts constitute substantial evidence that Najjar's diarrhea was not severe enough to limit significantly her ability to work. Moreover, Najjar essentially asks the Court to reweigh the evidence. She argues that the ALJ failed to considered <u>all</u> of Dr. Arora's August 10, 1994 medical report. [MIS 3] That report indicates that the doctor performed "a number of routine tests which were all normal." [AR 147] Nevertheless, Najjar seems to assert that Dr. Arora's recommendation for further clarification precludes the ALJ from relying on the doctor's conclusion that the test results were normal. [MIS 3] Because results of future tests would be speculative, and because the doctor's conclusions are otherwise substantial evidence, it would be inappropriate to reweigh the evidence and second-guess the ALJ in this manner.

Najjar argues that *Williams v. Bowen* stands for the proposition that a claimant need only show at step two that the impairment has more than a minimal effect on the ability to work. [REP 1] In *Williams*, the Tenth Circuit stated:

> If a claimant is unable to show that his impairments would have more than a minimal effect on his ability to do basic work activities, he is not eligible for disability benefits. If, on the other hand, the claimant present medical evidence and makes the *de minimis* showing of medical severity, the decision maker proceeds to step three.

844 F.2d at 750-51. *Williams* also says, however, that the threshold showing must be of an impairment or combination that "significantly limits" the ability to do basic work activities. *Id.* Based on this language, "more than minimal effect" is synonymous with "significant effect."

4

Although the showing itself may be *de minimis*, it must be one of medical severity.

Here, substantial evidence that Najjar had controlled her diarrhea and gastritis through her diet and that the problem had resolved during the relevant time, negates a showing of a significant effect. I therefore find no error in the ALJ's decision on this point and recommend affirmance on this issue.

### 2. *The ALJ properly found that Najjar retained a residual functional capacity for sedentary work despite the lobectomy on her left lung.*

Najjar argues that the ALJ erred in finding that she could perform her past relevant work as a word processor because she had difficulty in lifting her arms during her performance of this job [MIS 6], and that the ALJ failed to consider this limitation. [AR 5] Substantial evidence of record does, however, support the ALJ's decision. Dr. Romanik, who did the Residual Functional Capacity Assessment (RFC assessment) April 15, 1996, found that Najjar could lift or carry 20 pounds occasionally and 10 pounds frequently, could stand, walk or sit for about six hours in an eight-hour day, and that her ability to push or pull was unlimited except as it concerned the lift-carry limitations. [AR 117] This is well within the range of ability to do sedentary work. *See* 20 C.F.R. § 404.1567(a).

Furthermore, the RFC assessment constitutes objective and substantial evidence supporting the ALJ's discounting of Najjar's credibility about how her limitations affected her ability to perform the job of a word processor. Najjar makes no argument that the job was not sedentary. The ALJ explicitly stated that since Najjar had the capacity for at least sedentary work, and found that since her past work as a word processor did "not entail functional demands beyond those outlined in my residual functional capacity finding above . . . .," Najjar could return to this job and was not disabled. [AR 15] This analysis satisfies the requirement of *Winfrey v. Chater*,

92 F.3d 1017, 1023 (10th Cir. 1996) (requiring at step four an analysis of claimant's present ability in relation to past work), and refutes Najjar's contention that the ALJ did not perform the step four analysis. [MIS 6] Based on the foregoing, I find no error in the ALJ's decision on this issue, and therefore recommend affirmance.

      *3. The ALJ properly rejected Najjar's claims of non-exertional limitations of fatigue and the need to lie down.*

As noted above, the Dr. Romanik determined that Najjar still had a residual functional capacity that would allow her to do at least sedentary work. Implicit in that assessment was that nothing else, including fatigue or the need to lie down, actually kept her from working at that level. Najjar contends that the ALJ should have given his reasons for not considering her testimony about these problems. The ALJ did, however, state that Najjar had exaggerated the symptoms and functional limitations produced by her medical problems. [AR 14] The RFC assessment supports this conclusion, including other facts in the record such as Najjar's health in the spring of 1995, when she was overall "doing quite well playing touch football." [AR 133] In any case, the ALJ unmistakably considered Najjar's testimony of fatigue regarding her alleged shortness of breath and limitations on sitting, walking, and standing. [AR 15]

To the extent Najjar argues that her diarrhea, a non-exertional impairment, conceivably contributed to the alleged fatigue [MIS 7], that possibility is of little relevance. The ALJ had already properly found that the diarrhea was not a severe impairment. There was no evidence of record to suggest that the stable and resolved problem with diarrhea would reasonably have contributed to Najjar's alleged fatigue. The merely conceivable nature of such a connection does not amount to substantial evidence overwhelming all contrary evidence. The ALJ therefore correctly rejected Najjar's claims of fatigue and the need to lie down.

6

## E. CONCLUSION

For the foregoing reasons I recommend affirmance of the ALJ's decision on all points.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. § 636(b)(1).

_____
UNITED STATES MAGISTRATE JUDGE

Counsel for Plaintiff:		Gary J. Martone, Esq.
				A. Michelle Baca, Esq.
				Francesca McDowell, Esq.
				2501 San Pedro NE, Suite 111
				Albuquerque, NM  87110

Counsel for Defendant:		Virginia Watson, Esq.
				1301 Young St., Room 430
				Dallas, TX  75202-5433

				Joan M. Hart, Esq.
				P.O. Box 607
				Albuquerque, NM  87103